### LAFAYETTE TRUST CO. v. VAIL.

(Supreme Court, Appellate Division, Second Department.  November 24, 1911.)

TRIAL (§ 37*)—RECEPTION OF EVIDENCE—NECESSITY OF PROOF—ESTOPPEL.

 Where, in an action on a note, defendant pleaded a tender, and deposited in court the amount of the debt and interest to the date of the alleged tender, and on attempting at the trial to prove that he kept the tender good, was prohibited from doing so on plaintiff's assurance that there was no dispute on that branch of the case, a judgment for the debt and subsequent interest and costs could not be sustained on appeal, on the theory that there was no proof that the tender had been kept good.

 [Ed. Note.—For other cases, see Trial, Dec. Dig. § 37.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the Lafayette Trust Company against Edward G. Vail, Jr. From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and RICH, JJ.

Charles W. Church, Jr., for appellant.

J. Elmer Melick (Frank M. Patterson, on the brief), for respondent.

HIRSCHBERG, J.  The plaintiff has recovered a judgment on a promissory note held by it against the defendant.  The defendant's liability on the note is not disputed, but his defense is based upon a legal tender.  The evidence clearly established that on the 10th day of February, 1909, the defendant had a conversation over the telephone with the plaintiff's representative, in the course of which he was told to bring cash to the banking house of the plaintiff to pay the note; that in accordance with such conversation the defendant went at once to the plaintiff's bank with more than enough money to pay the note; that he laid the money on a table in front of the plaintiff's representative and offered it in payment, but that the note could not be found; and that he thereupon took the money away and redeposited it.  He endeavored to show the nature of the redeposit, presumably for the purpose of proving that he kept the tender good, but was prohibited from doing so on the assurance of plaintiff's counsel that there would be no dispute on that branch of the case, and the assurance of the court that if any question should be raised the plaintiff would be allowed to go into the matter in detail.

No question was afterwards raised as to the sufficiency of the tender; nevertheless the principal point presented by the respondent in its brief is that there was no proof that the defendant's tender was kept good. It further appears that the defendant had deposited in the court below the amount of the debt and interest to February 10, 1909; and this, the respondent claims, is insufficient, as not including subsequent interest and costs.  That question need not be determined on this appeal; but as the proof upon the trial was equivalent to the establishment of a legal tender of the money due on February 10, 1909, kept good by the defendant until the time of the trial, or at least until the time of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the deposit in court, the defense of tender was conclusively established, and the judgment must be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.